## Benjamin Wadleigh *versus* The Town of Sutton.

W. agreed with the town of S. to make a highway in a particular manner, for which he was to receive a certain price. He made the highway, but not according to the contract.—It was held that he could maintain no action on the contract, although the highway might have been accepted by agents of the town, unless accepted with a full knowledge of the defects. But it was held that he might recover, on a *quantum meruit* count, as much as his labor had been worth to the town.

Assumpsit, for making a highway in the town of Sutton. There were two counts in the declaration; one a *quantum meruit* ; the other, *indebitatus assumpsit,* for work

Wadleigh
v.
Sutton.

and labor. The cause was tried here, at September term, 1831, upon the general issue.

It appeared, that the parties entered into a written contract, in which the plaintiff agreed to make the highway in a particular manner, for which he was to receive a certain sum, at a day fixed. It was admitted by the plaintiff, that the road had not been made according to the contract. But it appeared that the town of Sutton, at a legal meeting, on the 5th June, 1830, passed the vote following.

"*Voted*, that the selectmen be the persons to inspect the highway, &c. and judge, whether it be made agreeably to contract, and to accept the same."

The selectmen examined the highway; and there was evidence tending to prove that they accepted it.

The court instructed the jury, that, if they were satisfied that the selectmen accepted the highway, and that there was no fraud or deception in the business, on the part of the plaintiff, they ought to find, for the plaintiff, the sum stipulated in the contract, although the work had not been done according to the contract.

The jury returned a verdict in favor of the plaintiff, and the defendant moved for new trial, on the ground that the jury were misdirected.

*H. B. Chase*, for the plaintiff.

*Sullivan & Tappan*, for the defendant.

*By the court.* It is very clear, that there was no acceptance shown in this case, that could bind the town. The selectmen seem to have had no authority to accept the highway, unless it was completed according to the contract. But admitting that the selectmen had authority to accept the road, although not made according to the contract, yet still the town is not bound, unless the selectmen, having notice in what respects it was not made according to the contract, agreed to accept it, notwithstanding. It does not appear that the selectmen were apprised that the road was not made agreeably to

the contract.   The plaintiff was not, then, entitled to re- <span style="float:right">Wadleigh<br>v.<br>Sutton.</span>
cover upon the contract.

But he is entitled to recover, upon the *quantum meruit*
count, the worth of his labor to the town, if the town has
derived any advantage from it.   5 B. & C. 378, *Shipton* v.
*Casson* ; 7 Pick. 181, *Hayward* v. *Leonard* ; 4 Cowen, 564,
*Jewett* v. *Schroeppel* ; 3 Starkie's Ev. 1768 ; 2 ditto, 643 ;
8 Pick. 178 ; 14 Mass. Rep. 282 ; 9 B. & C. 92, *Sinclair*
v. *Bowles*.

The jury were misdirected, and there must be

*A new trial granted.*